### John V. N. Stults vs. Charles Newhall.

Suffolk.   Ma:ch 24. — June 23, 1875.   Ames & Devens, JJ., absent.

In an action by the payee against the maker of a promissory note for a sum stated and payable at a time fixed, which also recited that the maker deposited therewith as collateral security a mortgage from a third person with authority to sell the same with notice either at public or private sale or otherwise at the option of the holder of the note, on the non-performance of the promise therein contained, he giving the maker credit for any balance of the net proceeds of such sale remaining after paying all sums due him to the holder or his order, the maker offered to prove that after the maturity of the note the parties made a verbal agreement that the payee should either sell or dispose of the mortgage or mortgage notes or foreclose the mortgage by selling the mortgaged estate under the power of sale, paying himself the amount of the note out of the proceeds and the defendant the balance, in consideration whereof the defendant was to pay him two per cent. a month on the amount of the notes till he was paid in one of these ways, and that the note was so to be paid according to the verbal agreement. *Held*, the St. of 1867, *c.* 56, § 2, providing that a rate of interest higher than six per cent. cannot be recovered by action unless the agreement to pay the same is in writing, that the verbal agreement did not effect an accord and satisfaction of the debt on the note.

Contract upon two promissory notes made by the defendant to the plaintiff, one dated July 11 and the other July 14, 1873, each for $1300 payable in four months. Each note recited that the defendant deposited therewith as collateral security a mortgage of $2500 signed by G. H. Robinson, recorded with Suffolk deeds, lib. 1152, fol. 221 and 223 respectively, with authority to sell the same with notice either at public or private sale or otherwise at the option of the holder or holders of the notes on the non-performance of the promises therein contained, he or they giving the defendant credit for any balance of the net prcceeds of such sale remaining after paying all sums due him to the said holder or holders or to his or their order.

At the trial in the Superior Court, before *Bacon*, J., the signatures of the maker of the notes were admitted. The plaintiff testified that he still held the mortgages of real estate and mortgage notes of $2500 each, mentioned in the notes in suit, which were assigned to him as collateral to those notes, when they were given, and had never in any way dis‿sed of them or foreclosed the mortgages ; that he deducted the interest from the principal in the notes when they were given, so that he really advanced to the defendant about $1200 on account of each note in suit and no more.

The defendant offered to prove in defence that after the notes in suit were given, as well as after they matured, there was a verbal agreement made between him and the plaintiff that the plaintiff should either sell and dispose of said mortgages and mortgage notes or foreclose the mortgages by selling the premises under the power of sale in the mortgages and pay himself out of the proceeds the amount of the notes in suit, and the balance to the defendant; and in consideration thereof the defendant was to allow and pay him two per cent. a month on the amount of the notes till he got his money in one of those ways; that that was the way and means by which, according to the verbal agreement, the notes in suit were to be paid; but the judge excluded the evidence, and, the defendant not offering any other evidence, ordered a verdict for the plaintiff. The defendant alleged exceptions.

*L. W. Howes,* for the defendant.

*C. S. Lincoln,* for the plaintiff.

COLT, J. The evidence offered by the defendant does not go far enough. The new agreement relied on was not performed by the defendant, or prevented in its performance by the plaintiff; nor does it appear that the plaintiff agreed to accept the defendant's promise alone as a satisfaction of his debt. An agreement with mutual promises to perform, upon which the parties have a legal remedy, may, it is said, be pleaded as a good accord and satisfaction, when the plaintiff accepts the new promise and relies upon it for his only remedy. But there must be this agreed substitution of the new for the old cause of action, or the plaintiff's right to recover upon the original undertaking is not defeated. In addition to this, the alleged promise of the plaintiff to rely upon the securities held by him for the payment of his notes was made solely in consideration of an oral promise by the defendant to pay a higher rate of interest. Upon such a promise the plaintiff is without legal remedy, because, by statute, a rate of interest higher than six per cent. cannot be recovered by action, unless the agreement to pay the same is in writing. St. 1867, *c.* 56, § 2. There could, therefore, be no substitution of the latter promise for the defendant's personal liability as maker of the notes within the rule as above stated. *Good* v. *Cheesman,* 2 B. & Ad. 328. *Reeves* v. *Hearne,* 1 M. & W. 323. *Bige-*

*low* v. *Baldwin*, 1 Gray, 245.   *Goodrich* v. *Stanley*, 24 Conn,
613, 620.   *Babcock* v. *Hawkins*, 23 Vt. 561.   *Cummings* v. *Arnold*, 3 Met. 486.   Chit. Con. (11th Am. ed.) 1123, note.

<div align="right">

*Exceptions overruled.*