MILLARD F. FIELD *vs.* FRANK E. ALDRICH.

Suffolk.    November 16, 19, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Accord and Satisfaction — Construction of Contract.*

A. invented and patented a machine, and B., according to an agreement with A., expended a certain sum in its development; and, upon an accounting together, B. owed A. a further sum. They executed a written agreement, which provided that a corporation should be formed, one fourth of the capital stock of which should belong to parties to whom A. had already assigned, one fourth each to A. and B., and the remaining fourth to A. as trustee, to be disposed of in the following manner : " The said A. agrees to dispose of the fourth interest held by him as trustee to the best advantage possible, and apply the proceeds thereof as follows : " first, to repay B.'s debt to him ; secondly, to pay his own salary at a certain rate for a certain time ; and thirdly, " any surplus of proceeds of sale of said trustee shares, after meeting the above claims, or any shares then

unsold, shall be divided equally between" A. and B. The corporation was formed immediately, and the shares of stock issued. A. tried to sell the shares held by him in trust under the agreement, but did not succeed, although other shares were sold by a third person. *Held*, in an action by A. against B. to recover the balance due him when the agreement was executed, that the taking by A. of the agreement with the shares of stock which were issued to him as trustee was not intended by the parties to be of itself a satisfaction of A.'s claim against B.; and that the action could be maintained.

CONTRACT, upon an account annexed, to recover the balance of an account. Answer, an accord and satisfaction. Trial in the Superior Court, before *Dunbar*, J., who reported the case for the determination of this court, in substance as follows.

The parties entered into an agreement several years before 1889, by which the defendant was to pay the expenses of the development of a vertical loom, of which the plaintiff was the inventor and patentee. The defendant, before 1889, paid to the plaintiff upwards of $3,000 to defray those expenses; and on January 25, 1889, when certain agreements, copies of which were annexed to the defendant's answer and marked A and B, were executed, the defendant was indebted to the plaintiff on an accounting together in the further sums of $911.50 and $162.37.

Agreement A was entered into between the plaintiff, the defendant, and one Henry A. Williams, and provided that, whenever the loom and its patents should become the property of a corporation about to be formed for perfecting the loom and promoting its sale, the plaintiff and the defendant would severally cause the shares to which they were entitled to be issued to Williams as trustee, who should hold the same " for their joint benefit, in equal shares," subject to certain conditions recited.

Agreement B, which was entered into between the plaintiff and the defendant, provided as follows:

" First. A corporation shall be formed with a capital stock of such amount as shall be mutually agreed upon. Of this capital stock, one fourth shall belong to the parties to whom Field has already assigned; one fourth each to said Field and said Aldrich; and the remaining fourth to the said Field as trustee, to be disposed of as hereinafter mentioned. . . .

" Third. The said Field agrees to dispose of the fourth interest held by him as trustee to the best advantage possible, and apply the proceeds thereof as follows ": 1. To repay to himself

$911.50, being the defendant's share of expenses incurred to develop the loom from December 1, 1887, to December 1, 1888. 2. To repay to himself $162.37, being advances made by the plaintiff for account of the defendant prior to December 1, 1887. 3. To pay his own salary at a certain rate for a certain time.

" Fourth. Any surplus of proceeds of sale of said trustee shares, after meeting the above claims, or any shares then unsold, shall be divided equally between said Field and said Aldrich."

Immediately after the execution of agreements A and B, a corporation was formed under the laws of the State of Maine, with two thousand shares of capital stock, the patent being the principal assets of the corporation. The plaintiff testified that, while he considered the loom of great value, it had not proved a success, as the mills in which it had been placed were not so constructed as to demonstrate its merits, but that in his judgment it would prove a success and a great saving in time over the present looms in mills so erected as to facilitate its operation as a vertical apparatus; that such mills could be easily erected, and he had not disposed of any of the shares in the fourth interest held by him as trustee under the third article of agreement B; and that he had tried to sell them and did not succeed. The plaintiff further testified, on cross-examination, that he was aware that, not long after the corporation was formed, one hundred shares of the defendant's stock held in trust according to the provisions of agreement A were sold for the sum of $2,000, and the money received therefor. He also testified that, immediately after the execution of agreements A and B, he made a demand on the defendant for the sums declared on of $911.50 and $162.37; and, further, that the patent had a number of years to run. The credibility of his testimony was not questioned.

The defendant offered no evidence; and, at the close of the plaintiff's testimony, asked the judge to direct a verdict in his favor. The judge declined so to do; and directed the jury to return a verdict for the plaintiff for the sums above named, with interest thereon from January 25, 1889.

If the ruling was correct, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*G. F. Tucker*, for the defendant.

*B. C. Moulton*, for the plaintiff.

ALLEN, J. If the correctness of the defendant's general proposition be assumed, — namely, that where a promise or agreement itself, and not its performance, is accepted in satisfaction and extinction of a demand, it is good as an accord and satisfaction without performance, — the question remains whether the taking by the plaintiff of the agreement B with the shares of stock which were issued to him as trustee was intended by the parties to be of itself a satisfaction of the plaintiff's claim against the defendant. By the terms of the agreement, the distribution of the capital stock was to be as follows: " One fourth shall belong to the parties to whom Field has already assigned; one fourth each to said Field and said Aldrich; and the remaining fourth to the said Field as trustee, to be disposed of as hereinafter mentioned." The provision as to the disposition of the remaining fourth was as follows: " The said Field agrees to dispose of the fourth interest held by him as trustee to the best advantage possible, and apply the proceeds thereof as follows," viz. : to repay the defendant's debt to him ; to pay his own salary at a certain rate for a certain time ; and " any surplus of proceeds of sale of said trustee shares, after meeting the above claims, or any shares then unsold, shall be divided equally between said Field and said Aldrich." In point of fact, according to the plaintiff's testimony, the credibility of which was not questioned, he never sold any of these shares; he tried to sell them and did not succeed, although one hundred other shares were sold by one Williams.

In our opinion, the plaintiff did not assume the risk of being able to sell these shares. If he should sell them, he was to apply the proceeds in the manner specified. But if he should be unable to sell them after due attempt, then his claim against the defendant would remain in force, and upon his enforcing it, the shares unsold would belong equally to the plaintiff and to the defendant.

*Judgment for the plaintiff.*