FRANKLIN H. GILSON, administrator, *vs.* ISRAEL NESSON.

Suffolk. March 9, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Consideration. *Mortgage. Accord and Satisfaction.*

At the trial of an action of contract by a mortgagee to recover from the mortgagor a balance alleged to be due upon the mortgage note after a foreclosure sale, it appeared that the mortgage contained a power of sale and agreements that the mortgagee might purchase at the foreclosure sale, that the mortgagor should pay all reasonable expenses of the foreclosure, and that, if the net proceeds of the sale exceeded the amount due on the debt secured by the mortgage, such excess should be paid to the mortgagor. A breach of the mortgage occurred in November, an entry was made by the mortgagee on the January 30 following, and a foreclosure sale occurred on February 29, at which the property was sold to the plaintiff for less than the amount due on the note. The mortgagor relied in defense upon an alleged accord and satisfaction by an agreement with the mortgagee, and introduced evidence tending to show that, on the day before the mortgagee's entry, an agreement was made whereby the defendant should pay the expense of foreclosure proceedings, and, if the proceeds of the sale were more than the amount due on the note, the plaintiff should pay the excess to the defendant, but, if they were less, the note should be cancelled, and that the plaintiff was to collect the rents from the last day of the preceding month. The presiding judge ruled that the " alleged agreement, if made, was without consideration." *Held*, that the ruling was erroneous, since the fact, if true, that the defendant by agreement gave the plaintiff the right to collect the rents due before the date of the plaintiff's entry, was sufficient consideration for the agreement of accord and satisfaction.

CONTRACT for a balance alleged to be due upon a note secured by a mortgage of real estate, after a foreclosure sale. Writ in the Superior Court for the county of Suffolk dated March 3, 1906.

At the trial before *Wait*, J., without a jury, it appeared that

the mortgage note was for $13,000 and was payable to the plaintiff's intestate, Mary E. Walker, that the mortgage was a power of sale mortgage, giving to the mortgagee the right to purchase at any foreclosure sale, containing an agreement by the mortgagor, the defendant, to pay all reasonable expenses of foreclosure proceedings, and stipulating that, " until some breach of any of the conditions of this deed, the grantee shall have no right to sell or to enter and take possession of the premises." There was a breach in the non-payment of interest due September 21, 1903, an entry to foreclose by the plaintiff's intestate on January 30, 1904, and a foreclosure sale on February 29, 1904, at which the property was bid in by the plaintiff's intestate for $10,000.

In defense, an alleged oral agreement made on January 29, 1904, between the plaintiff and the defendant, was relied on, and the defendant testified in substance as follows : After the default, the plaintiff's intestate asked him to give her a deed of the property, saying that, if he would do so, she would " release him from his note and take the property in lieu of her claim against him." He referred her to a conveyancer, because of some attachments on the property, and the conveyancer advised regular foreclosure proceedings instead of a deed. Thereupon the plaintiff's intestate again saw the defendant, and he agreed with her to pay the expense of the foreclosure proceedings and that, if the property brought at the sale more than was due on the note, the balance was to go to the defendant, while, if it brought less, the plaintiff's intestate was to have the property and she was then to destroy the note and " call it square "; and he also agreed with the plaintiff's intestate with regard to the rents from December 31, 1903, as stated in the opinion. The defendant did not attend the foreclosure sale.

The plaintiff offered evidence tending to show that the alleged agreement relied on in defense never was made by the plaintiff's intestate.

The bill of exceptions recites that the defendant asked the presiding judge " to rule and find that the above agreement between the parties was a good accord and satisfaction of said claim against said defendant upon the note now sued upon ; that the surrendering of the property under a friendly foreclosure,

without protecting his rights at the sale, permitting the back rents to be collected by Mrs. Walker and the payment of the foreclosure expenses, amounted to such a legal consideration as would support the plea of accord and satisfaction set forth in the defendant's answer. The judge refused to so rule and found that ' the alleged agreement of Mrs. Walker, if made, was without consideration,' and defendant excepted."

*A. Lincoln*, for the defendant.

*C. A. Bunker*, for the plaintiff.

HAMMOND, J. Under the original contract the defendant was to pay the amount of the note and, in case of default, the plaintiff's intestate, Mrs. Walker, had the right to foreclose the mortgage and apply the net proceeds to the payment of the note, rendering the surplus, if any, to the defendant, and by the express terms of the mortgage the defendant was to pay upon demand all reasonable expenses of foreclosure.

By the terms of the new contract but little change was made. The promise contained in the defendant's note to the plaintiff's intestate * to pay the foreclosure proceedings is in substance the same as that contained in his mortgage, and there was no change in that respect. The new contract also provided that any surplus after paying the note and expenses should go to the defendant. Here also there was no change. This is not a case where the debtor, still having an interest in the security, whether real or personal, agrees to surrender his interest to the creditor upon his agreeing to take the same in full payment. In the case before us there was no surrender of the defendant's interest in the security. It is said, however, by the defendant, that he had given up his right to procure bidders. But we do not so construe the agreement. It is true that, notwithstanding the land had been attached, he had still an interest in it, but, as stated before, he had not agreed to give up his interest absolutely; and while, under the circumstances disclosed, it may properly be inferred that he did not intend to have anything more to do with the sale of his interest, and that the plaintiff's intestate supposed that was his intention, still we do not think that such an intention and supposition were a part of the con-

---

* This note read as follows : " Jan. 29. 1904. Mrs. Walker Dear Madam : I will pay of the foreclosure to Mr. McLoud all expenses. Israel Nesson."

tract. The defendant had not released any right to make all reasonable efforts, either by way of procuring bidders or in any other way, to increase the sum for which the land should be sold.

In short, after the new contract the parties in all these respects stood as before. After the contract, as before, the debtor had the same interest in the land, was entitled to the surplus proceeds of the foreclosure sale, had the right in all legal ways to increase those proceeds and was under an obligation to pay the reasonable foreclosure proceedings. The only change was that the plaintiff's intestate had agreed in a certain contingency, to wit, the failure of the net proceeds of the sale to equal the debt, to take less than the debt in full discharge of it. Such a promise is void without a sufficient consideration, and thus far no valid consideration appears.

If therefore the case stopped here, the objection that there was no consideration for the new agreement set up in defense should be sustained. But the case does not stop here. The record recites that the defendant also agreed with the plaintiff's intestate " to allow her to collect the rents from December 31, 1903, and . . . she did collect the rents from that day under the agreement with " the defendant. The entry to foreclose the mortgage was not made until January 30, 1904. In the absence of any evidence to the contrary, the rents belonged to the defendant until the entry by the mortgagee ; and we construe this record to mean that the plaintiff's intestate, by virtue of the agreement with the defendant, collected rents to which otherwise she would not have been entitled, and that this right to the rents was received as a part of the general agreement about foreclosure. If this be the proper interpretation, then it is plain that the right to collect these rents was a sufficient consideration for the agreement.

The presiding judge ruled that " the alleged agreement of Mrs. Walker, if made, was without consideration." We understand this to be a ruling that as matter of law upon any warrantable view of the evidence there was no valid consideration for the agreement. For reasons above stated the ruling was erroneous.

It is argued however by the plaintiff that even if the ruling was erroneous, and even if there was an accord upon a valid

consideration, still, inasmuch as there is no evidence that the defendant ever paid the foreclosure expenses as he agreed to do, there has been no satisfaction ; and that accord without satisfaction is no bar to an action upon the original cause of action. Even if it be assumed that in this case not the promise but the performance of the promise to pay the reasonable foreclosure proceedings formed a part of the accord (see *Bigelow* v. *Baldwin,* 1 Gray, 245, and *Field* v. *Aldrich,* 162 Mass. 587,) still it does not appear that the case was decided by the judge upon that ground, nor that the question whether there had been satisfaction was called to his attention.

Under the circumstances we think that inasmuch as the exception of the plaintiff to the ruling made, upon which evidently was based the decision of the case, is sustained, there should be a new trial.

*Exceptions sustained.*