ISRAEL NESSON & another *vs.* FRANKLIN H. GILSON.

Suffolk. March 14, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To enjoin enforcement of judgment at law. *Equity Pleading and Practice,* Master's report: exceptions, motion to recommit.

A court of equity has no supervisory jurisdiction over courts at law.

In a suit in equity brought to restrain the enforcement of a judgment at law, which was entered after two trials on the merits and after the merits had been considered for a third time on a petition for a writ of review, which was denied, where the only new matter alleged in the bill was disposed of completely by the findings of a master and was shown to be without foundation, it was ordered that the bill be dismissed with costs.

In a suit in equity exceptions to a master's report based on objections that certain
    findings of the master were not warranted by the evidence or that certain find-
    ings were not made by the master, if the evidence on which the master acted is
    not reported, must be overruled.
A motion in a suit in equity to recommit a master's report, in order that he may
    report the evidence that was given in previous trials at law between the same
    parties and may make findings on questions that were decided or involved in
    those trials and are not material to the suit in equity, must be denied.

DE COURCY, J.   In 1899 a promissory note for $13,000, secured
by a mortgage upon real estate, was given by the plaintiff Israel
Nesson to Mary E.. Walker, now deceased.   At a foreclosure
sale of the mortgaged premises in 1904, the property was bid in on
account of the mortgagee for $10,000.   After the death of Mrs.
Walker, the defendant Gilson, as administrator of her estate,
brought an action for the balance due upon the note.   Nesson's
defence in substance was that Mrs. Walker had agreed to take the
property for the amount of the mortgage, that a friendly fore-
closure accordingly took place and that Mrs. Walker's failure to
bid the full amount of the mortgage was a breach of her agree-
ment.

The action was heard by a judge of the Superior Court in 1907,
who made a finding for the plaintiff, and later denied a motion for
a new trial.   Exceptions filed by Nesson were sustained by this
court on the ground that there was some evidence of a considera-
tion for the alleged agreement.   *Gilson* v. *Nesson*, 198 Mass. 598.

A second trial was had before another judge of the Superior
Court, in 1910, and again the finding was for the plaintiff.   Nes-
son's exceptions taken at that trial were overruled by this court
in 1911.   *Gilson* v. *Nesson*, 208 Mass. 368.

In March, 1911, judgment was entered on the finding.   Later
Nesson filed a petition for a writ of review; and this was heard
upon the merits by a third judge of the Superior Court and was
denied.   Other litigation between the parties, growing out of the
same controversy, need not be recited.

The present suit in equity * was brought to restrain the enforce-
ment of the judgment described above.   The allegations of the
bill, so far as material, relate mostly to facts and evidence already
considered at the trials on the merits and no longer open.

* The suit was brought in the Supreme Judicial Court and was reserved
by *Braley*, J., for determination by the full court.

The only ground on which the bill could have any standing in equity is that set forth in the paragraph numbered twenty-six A. Therein the plaintiff alleges that the defendant Gilson, conspiring with four other persons named, "caused and procured the said Millen and Ballou to offer false testimony at the hearing in said cause, in consequence of which a judgment was entered therein against this plaintiff."

While there are cases where a court of equity upon proper application will enjoin a party from enforcing a judgment which he has obtained by means of fraud (see *Edson* v. *Edson,* 108 Mass. 590; *Brooks* v. *Twitchell,* 182 Mass. 443; 23 Cyc. 1022 *et seq.*), the fact that the prevailing party knowingly gave or procured false testimony upon a material issue ordinarily is not ground for such equitable interference. *Zeitlin* v. *Zeitlin,* 202 Mass. 205; 23 L. R. A. (N. S.) 564 note. Even assuming that Millen testified falsely at the second trial, the plaintiff's allegations in paragraph twenty-six A are disposed of by the findings of the master that there was no such conspiracy, that the defendant acted honestly and in good faith and that the charges of misconduct on the part of Mr. Schulz were unfounded. And there is no allegation or proof of fraud extrinsic to the trial, as distinguished from perjury in the trial itself, such as might entitle a plaintiff to relief. *Keyes* v. *Brackett,* 187 Mass. 306.

The exceptions to the master's report are based on objections that certain findings were not warranted by the evidence or that other findings were not made. As the evidence on which the master acted is not reported, these must be overruled. *Cook* v. *Scheffreen,* 215 Mass. 444.

The motion to recommit must be denied. It asks for a report of the evidence at the hearings in the Superior Court and before the master and for findings upon questions that were decided or involved in the trial on the merits or that are not material to this bill in equity.

What the plaintiff really seeks is a reopening of the original case. But a court of equity has no supervisory jurisdiction over courts of law; and the plaintiff, by trials on the merits and on the petition for review in the proper forum, has had ample opportunity to present his defence. He has had his day in court, the issues have been decided against him and he cannot litigate

them anew. *United States* v. *Throckmorton,* 98 U. S. 61. *Marvel* v. *Cobb,* 219 Mass. 458.

The master's report is confirmed, and the bill dismissed, with costs.

*Decree accordingly.*

*I. Nesson, pro se,* submitted a brief.
*C. A. Bunker,* for the defendant.