WHITE SEWING MACHINE COMPANY *vs.* JOHN H. MORRISON
& another.

Plymouth.   January 7, 8, 1919. — March 3, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets.   *Equity Pleading and
Practice,* Waiver of objection of remedy at law.   *Waiver.*

In a bill in equity under R. L. c. 159, § 3, cl. 7, alleging a debt to the plaintiff
from the principal defendant and attempting to reach his interest in a
claim for damages for personal injuries to be paid to him by a defendant
street railway company, if it appears that at the time of the filing of the
bill the defendant street railway company had made a promise to the princi-
pal defendant to pay him a certain sum of money in satisfaction of his claim
but that the principal defendant did not intend to accept the mere promise
of the street railway company in satisfaction of his claim and that his action
still was pending, the principal defendant's claim for unliquidated damages can-
not be reached by the bill.

In the suit in equity above described, where it was held that the bill should be
dismissed as to the street railway company, it also was *held* that the bill should
be retained for the purpose of establishing the debt of the principal defendant
to the plaintiff, the amount of which had been ascertained by a master, to whose
report the defendant filed no exception, the defendant by failing to demur to
the bill, by failing to except to the master's report and by failing to take any
appeal having waived the objection that the plaintiff had a plain, adequate and
complete remedy at law.

BILL IN EQUITY, filed in the Superior Court on June 14, 1916,
under R. L. c. 159, § 3, cl. 7, alleging a debt of $337.50 from the
defendant Morrison to the plaintiff under a contract to work as an
agent of the plaintiff, and also alleging that the defendant Mor-
rison had brought an action against the defendant Bay State
Street Railway Company, that an "agreement for judgment has
been made between said parties or an agreement for settlement
in some form" and that the defendant Bay State Street Railway
Company "has recognized itself liable to said John H. Morrison,
in a sum sufficiently large to cover the amount of the plaintiff's bill
against said Morrison;" praying that the debt of Morrison to the
plaintiff might be satisfied out of such claim against the de-
fendant Bay State Street Railway Company.

The case was referred to a master, who filed a report containing the findings that are described and referred to in the opinion. The case was heard upon the master's report by *Jenney,* J., who found the facts to be as stated in the report of the master and made an interlocutory decree that the master's report be confirmed. Later by order of the same judge a final decree was entered ordering that the plaintiff's bill be dismissed. The plaintiff appealed.

*C. G. Willard,* for the plaintiff.

No counsel appeared either for the defendant Bay State Street Railway Company or for the defendant Morrison.

PIERCE, J. This is a bill in equity under R. L. c. 159, § 3, cl. 7, brought to establish a debt alleged to be due from Morrison to the plaintiff and to reach and have applied in payment of said indebtedness an alleged obligation of the Bay State Street Railway Company to Morrison, arising out of an agreement to pay Morrison $850 in settlement of the claim and action of Morrison for personal injuries pending against it in the Superior Court when the bill of the plaintiff was filed on June 14, 1916.

The plaintiff properly concedes that a claim for personal injuries is not assignable and is not property which can be reached at law by trustee process or in equity by a bill to reach and apply before judgment has been entered, *Rice* v. *Stone,* 1 Allen, 566, *Bennett* v. *Sweet,* 171 Mass. 600, *Wilde* v. *Mahaney,* 183 Mass. 455, but inferentially contends that an agreement for a judgment in satisfaction of a pending action of tort for personal injuries estops either party from further litigation and converts a claim to unliquidated damages into a contract to pay a definite and ascertained sum of money.

We assume that proof of an agreement since the last continuance to accept a defendant's promise alone in satisfaction of a pending action to recover damages for personal injuries may be pleaded in bar as a good accord and satisfaction of that action when the plaintiff accepts the new promise and relies upon it for the only remedy. But there must be this agreed substitution of the new for the old cause of action or the right to recover in the tort action is not defeated. *Stults* v. *Newhall,* 118 Mass. 98. *Field* v. *Aldrich,* 162 Mass. 587. In the case at bar it is plain that Morrison did not intend to accept the mere promise of the Bay State Street Railway Company in satisfaction of his claim. His action was pending

when the bill was filed. It was not assignable and his right to damages was not attachable at law or in equity. The bill should not have been dismissed as to the defendant Morrison, but retained for the assessment of the debt as between the plaintiff and the defendant Morrison. Morrison was duly served with process. He appeared and answered to the merits. The master ascertained the amount of debt due the plaintiff from the defendant. No exceptions appear to have been taken to his report. The report was confirmed and the defendant does not appeal. The defendant by his conduct has waived the objection that the plaintiff has a plain, adequate and complete remedy at law. *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285, 287. *Woodbury* v. *Sparrell Print,* 187 Mass. 426, 431.

Decree dismissing the bill reversed. Decree to be entered establishing the plaintiff's debt against the defendant Morrison in the sum of $355 with interest from the filing of the bill and costs; execution in common form to issue therefor. The bill to be dismissed as to the defendant Bay State Street Railway Company with costs.

*Decree accordingly.*