184 So. 478

## BIGGERS v. INGERSOLL et al.

### 4 Div. 50.

Supreme Court of Alabama.

Nov. 17, 1938.

647

E. Herndon Glenn, of Opelika, and Mc-Gee & Elliott, of Columbus, Ga., for appellant.

J. B. Hicks, of Phenix City, for appellees.

GARDNER, Justice.

Suit on a promissory note, with the defense of accord and satisfaction.

The note, representing borrowed money, was secured by a mortgage on real estate situated in Phenix City, Alabama. The indebtedness matured in June, 1932, and as late as February, 1935, only five hundred and twenty-nine dollars had been paid thereon, at which time plaintiff suggested to the debtor, who was the owner of the property described in the mortgage, that he be allowed to rent the property. This he did through a real estate agency, and four hundred and thirty-seven dollars additional was so credited on the indebtedness up to February, 1937, when the city sold the property to satisfy a paving assessment, which had been levied against it.

It is the theory of defendant that plaintiff was given the possession of the property in satisfaction of the indebtedness.

■ There was no deed or writing of any character, only a verbal agreement concerning the matter of possession. It was a liquidated demand, and there was no dispute whatever as to the indebtedness. To sustain the transaction, therefore, as accord and satisfaction, it must be supported by a new consideration. Penney v. Burns, 226 Ala. 273, 146 So. 611; Section 5643, Code 1923; 1 R.C.L. pp. 179–186.

■ The suggestion of counsel for defendants that the statutes (sections 5640, 5641 and 5642, Code 1923) render the authorities relied upon by opposing counsel inapplicable, is without merit as we have expressly held that these statutory provisions are merely declaratory of the common law. Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25.

■ Reverting to the matter of a consideration, it was observed in Penney v. Burns, supra, that it exists when "something substantial which one party is not bound by law to do has been done by him, or that something he has a right to do he abstains from doing at the request of the other party." But this principle finds no application to the instant case.

■ The mortgage passed to plaintiff the legal title to the property, and upon default he was entitled to the immediate possession of the premises. Wilson v. Federal Land Bank, 230 Ala. 75, 159 So. 493; Cowart v. Aaron, 220 Ala. 35, 123 So. 229. The mortgagee, by an active assertion of his rights, was, therefore, entitled to the possession of the property with the rents, income and profits therefrom. Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472. An agreement, therefore, for the mortgagee to take charge and collect the rents granted to the mortgagee no new right or benefit, and he occupied the position of a mortgagee in possession before foreclosure and accountable for the rents received. These rents he accounted for and due credit was given.

■ The mortgagor owner still held the equity of redemption, an interest in realty which she could only transfer by an instrument in writing. Hughes & Tidwell Supply Co. v. Carr, supra; McMillan v. Jewett, 85 Ala. 476, 5 So. 145. This she made no effort to do.

■ What was done conferred no new right, but was only a recognition of the legal right already existing in the mortgagee. The mortgagor abstains from doing nothing she had a right to do. There was no change in the status of either party. Such being the case, the transaction is unsupported by any consideration. 1 Corpus Juris 551; Gilson, Adm'r, v. Nesson, 198 Mass. 598, 84 N.E. 854, 17 L.R.A.,N.S., 1208.

But the question of a want of consideration aside, the defense must fail for a failure of proof as to any such alleged agreement of accord and satisfaction.

This defense is rested upon the testimony of Mrs. Ingersoll. The only part of her evidence affecting the matter of any agreement of accord and satisfaction may be found in the following brief excerpts therefrom:

"I know Mr. Biggers and his attorney Mr. McGee. I made the mortgage they offered in evidence and borrowed the money, the loan being made through the Blackmar Company. * * *

"I finally got to where I couldn't pay the interest which ran at 8% annually. Then Mr. Biggers came to see me and said that he wanted the place, wanted to take over the place and I thought it went to pay for the loan.

"Mr. Glenn (interrupting): We object to what she says she thought.

"The court: I sustain the objection.

"(Continuing) The witness testified substantially: He came around to see me and said I was getting behind with the interest and he wanted to take over the place. I told him to take it and ignorant of the law and everything, I thought that cleared it.

"The court sustained an objection by the plaintiff as to what the witness thought.

"I never got any more rent off the property and never had anything else to do with it. Mr. Biggers had the mortgage and I turned it over to him.

"Q. Did Mr. Biggers make any repairs on it after he took it over? A. I think he made a very few. * * *

"The conversation to which I referred between myself and Mr. Biggers was about two and one-half years ago when he took it over. The conversation was just before he took it over, in March, 1935. I did not execute any deed to Mr. Biggers to this property. I didn't know I had to, give him one. I didn't execute any written agreement. There was no written agreement or satisfaction between myself and Mr. Biggers: only verbal."

Plaintiff testified that the understanding was, he was to take charge and rent the property and give credit on the mortgage indebtedness, that and nothing more. And the letter of June 14, 1937, written by said defendant to plaintiff's attorney regarding suit on the note, gives much support to this theory of the case.

But in any event, a careful study of Mrs. Ingersoll's testimony fails to reveal any actual agreement that such possession should be considered in satisfaction of the indebtedness. She nowhere so states. The best that· can be said is, that she "ignorant of the law," as she expresses it, "thought that cleared it." Excluding what she "thought," as did the trial court, there is really nothing upon which to hinge any such agreement.

Upon the merits of the case, therefore, viewed in either aspect, the defense of accord and satisfaction was not established and plaintiff was due to be given the affirmative charge as requested.

As this disposes of the case adversely to defendants, other questions are unnecessary to be considered.

Let the judgment stand reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.