In re Harvey L. ABERNATHY, Sr., Individually and d/b/a Abernathy Dental Lab, Debtor.

The FARMERS NATIONAL BANK OF OPELIKA, Alabama, a national banking association and Pearl S. McCarroll, Plaintiffs,

v.

Harvey L. ABERNATHY, Sr., Individually and d/b/a Abernathy Dental Lab, Defendant.

Bankruptcy No. 81–0043.

United States Bankruptcy Court, M. D. Alabama.

April 7, 1981.

J. Tuff Barrett, Opelika, Ala., for plaintiff.

Charles M. Ingrum, Opelika, Ala., for defendant.

ORDER ON COMPLAINT TO LIFT STAY AND FOR RENT DUE

RODNEY R. STEELE, Bankruptcy Judge.

On February 6, 1981, the Plaintiffs filed a Complaint to Lift the Automatic Stay to authorize them to foreclose on certain real property. The Complaint also sought to recover rents paid by the lessee of this property to the Trustee between June 27, 1980, and the date when relief might be granted under this Complaint.

By a Summons and Notice of Trial entered on February 13, 1981, the Complaint was set to be heard at Opelika, Alabama on March 4, 1981. Notice was supplied to the Debtor and his attorney, to the Trustee, and to the attorney for Plaintiffs.

The matter was thereafter continued to be called on April 1, 1981.

At that time and at Opelika, there was present the attorney for the Plaintiffs, the attorney for the Debtor, and the Trustee.

The Trustee makes no objection to the granting of the complaint to lift stay in order to authorize foreclosure by the Plaintiffs in this case. He represents to the Court that there is no equity in the real estate for the benefit of general creditors.

On the matter of the payment over by the Trustee of rent collected between June

27, 1980, and the date of this Order, the Trustee objects and claims that the rent is his.

The Plaintiffs on the other hand claim that the rent is due under the terms of the mortgage, since taxes have accrued against the property, and since the property has fallen into disrepair, principally involving the roof of the house, and that the tenant in the house has repeatedly brought to the attention of the Trustee and the Plaintiffs the poor condition of the roof.

It is estimated that the taxes and roof repairs exceed the amount of rent collected by the Trustee in this case.

The application to lift stay is due to be granted.

But as to the rental recovered by Trustee between June 27, 1980, and the date of this Order, the Court must conclude that the mortgageholder is not entitled to that rental.

We begin with the provisions of Section 365 of the Bankruptcy Code of 1978 relating to the acceptance or rejection of executory contracts and unexpired leases of property.

If the mortgage be conceived of as an executory contract, then Trustee under Sub-section (d)(1) of that Section is deemed to have rejected the contract, under Chapter 7 of the Bankruptcy Code if he has not prior to that time assumed or rejected such contract. When such rejection occurs then under the provisions of Section 365(g) the rejection of the executory contract constitutes a breach of that contract as of a time immediately prior to the date of the filing of the petition. The object of this Sub-section (g)(1), apparently, is to make clear that the other party to the executory contract is only an unsecured creditor.

In this case the Trustee has neither accepted nor rejected the executory contract embodied in the mortgage, and it is therefore deemed to be rejected which makes these Plaintiffs unsecured creditors as to assets of this estate.

But we also have reference to Section 552 of the Bankruptcy Code of 1978 which provides that property acquired by the estate or by the Debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the Debtor before the commencement of the case. See Sub-section (a) of Section 552.

Under this Sub-section, rentals received by the Trustee under a lease arrangement with the lessee in this case would be property of this estate and not subject to the claim of that security interest or agreement set out in the mortgage.

There is an exception in Section 552 at Sub-section (b) which provides that if there is a security agreement between the Debtor and a secured party at the time of bankruptcy, and such security agreement extends to property of the Debtor acquired before the commencement of the case and to the rents from such property, then the security interest shall extend to such rents acquired by the estate after the bankruptcy begins to the extent provided by such security agreement and by applicable non-bankruptcy law, unless the Court based on the equities of the case makes some other Order. The words to be emphasized in this instance are that the rents are subject to the security interest after bankruptcy *to the extent provided by such security agreement and by applicable non-bankruptcy law.** Our examination of the mortgage in this case does not show any language which secures the rental income from that property to the security of the mortgage.

But the applicable non-bankruptcy law, found in Alabama case law, clearly rules in favor of the Trustee in this case. That case law provides that until default and intervention by the mortgageholder, the rents received by the mortgagor on that property are property of the mortgagor. See *Lamar v. Johnson*, 16 Ala.App. 648, 81 So. 140 (1919); and Cf. *Biggers v. Ingersoll*, 236 Ala. 646, 184 So. 478 (1938); *Smith v. Stringer*, 220 Ala. 353, 125 So. 226 (1929).

If Trustee has recovered any rent since February 6, 1981, the date of the filing of this Complaint to Lift Stay and for Rent Due, then such rents ought to be paid over to the Plaintiffs. We take this date, Febru-

---

* Cf. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

ary 6, 1981, as the date of intervention after default. As to those rents collected by the Trustee prior to February 6, 1981, they are property of the Trustee.

It is therefore ORDERED as follows:

1. The Complaint to Lift Stay is hereby GRANTED, and the stay is lifted, as to these Plaintiffs, to authorize them to proceed with foreclosure or other appropriate disposition of the property described as follows:

> That certain property situated in Opelika, Lee County, Alabama, and described as, Lot Three in Block Five in Rocky Brook Subdivision as shown by map or plat of said subdivision recorded in Town Plat Book 4, Page 10½, in the Office of the Judge of Probate of Lee County, Alabama; together with all improvements situated thereon and appurtenances thereunto appertaining.

2. The Application for payment over of rent by the Plaintiffs is hereby GRANTED as to all rent collected by the Trustee after February 6, 1981. All other rentals collected by the Trustee are due to be held by him as assets of this estate.