This is an appeal from a summary judgment entered in favor of Tractor Equipment Company ("T E") in the amount of $83,632.82, plus interest and attorney fees.
In February 1986, Waide Contracting Inc. ("Waide") entered into a contract with T E to purchase a Dynapac soil compactor and a P H Omega 18-ton crane, for a total of $112,080. T E took a security interest in both pieces of equipment and financed the sale. Donald Waide and Elmer Waide unconditionally guaranteed the $112,080 note executed by Waide, which stated that Waide would make 24 installment payments on the note. Only two payments were made, however, to T E. *Page 1328 
Waide was informed by T E that if the delinquency was not cured immediately, T E would repossess the two pieces of equipment. In August 1986, Waide voluntarily relinquished the equipment to T E. Following the repossession, both pieces of equipment were placed on T E's used equipment inventory list, and the P H crane was subsequently sold for $32,500. The soil compactor was not sold; however, T E received a total of $19,000 from the rental thereof. T E sued Waide for the unpaid balance, and sued Elmer and Donald Waide as individual guarantors.
Waide contends that the trial court erred in entering summary judgment because, Waide argues, a genuine issue of material fact warranted a trial on the issues. Waide argues that Donald Waide met with two representatives of T E to discuss the delinquency on the note and that these two men represented to him that the return of the equipment to T E would satisfy the outstanding debt on the note. Relying on these statements, Waide says, Waide delivered the equipment to T E. T E, on the other hand, argues that no such representation was made and that Waide's contract provided that, upon request, the defaulting debtor would deliver the equipment to a place convenient to both parties. While Waide argues that its version of the facts, set out above, would support the finding of an accord and satisfaction with regard to the debt, T E submits that Waide has offered no evidence whatsoever of consideration, a necessary element in proving accord and satisfaction. We agree.
 "The Court addressed the issue of what constitutes an accord and satisfaction in the case of Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271 (1929), stating:
 " 'The discharge of claims by way of accord and satisfaction is dependent upon contract express or implied; and it follows that the essentials necessary to valid contracts generally must be present in a contract of accord and satisfaction. Therefore there must be (1) a proper subject-matter, (2) competent parties, (3) an assent or meeting of the minds of the parties, and (4) a consideration. 1 R.C.L. 178, § 3; Reliance Life Ins. Co. v. Garth, 192 Ala. 91, 68 So. 871; Dreyfus Bros. v. Corn Products Co., 204 Ala. 593, 86 So. 386. [Emphasis added.]'
"220 Ala. at 9, 123 So. at 273."
Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014
(Ala. 1985).
It is well-settled that "accord and satisfaction must be specifically pled." W.B. Davis Hosiery Mill, Inc. v. WordLumber Co., 49 Ala. App. 492, 496, 273 So.2d 469, cert. denied,290 Ala. 372, 273 So.2d 474 (1973). In the present case, Waide alleges no consideration other than the return of the equipment to T E. Pursuant to the contract, Waide was required to relinquish the equipment and deliver it to a place convenient to T E. Therefore, the return of the equipment cannot constitute consideration, as it is something Waide was already obligated to do. See Biggers v. Ingersoll, 236 Ala. 646,184 So. 478 (1938).
Furthermore, this case differs from Farmers Merchants Bankof Centre v. Hancock, 506 So.2d 305 (Ala. 1987). In that case, Hancock's loan was foreclosed by the Bank of Centre. A vice president of the bank had Hancock sign foreclosure releases on the two trucks that were the subject of the loan. Id. at 308. These releases made it possible for the bank to sell the trucks without going through a formal foreclosure. Id. "It was Hancock's understanding that by signing the releases and voluntarily relinquishing possession of the trucks, the Bank would relieve him of any further responsibilities on the notes." Id. In that case, however, the issue for our review was the necessary element of accord and satisfaction of " 'an assent or meeting of the minds of the parties.' " Id. at 310, quoting Ray v. Alabama Central Credit Union, supra, at 1014. In the present case, the issue before us is whether the element of consideration has been met. Because Waide's contract already required the return of the equipment to T E, the return of the equipment cannot constitute consideration. Biggers, supra. *Page 1329 
Waide's second contention is that the sale of the equipment was commercially unreasonable both as to the notice given and as to the price received. We disagree. In his affidavit, Donald Waide states that he never received notification of the sale of the equipment. He does not allege that Waide or Elmer Waide did not receive notice. On the other hand, an affidavit by T E's Randy Carter states that notification of the sale was sent to Waide, Donald Waide, and Elmer Waide. According to his affidavit, the letter was dated August 26, 1986, and apprised Waide that T E was declaring the balance due on the note and that if Waide did not redeem it prior to its sale, the equipment would be sold at a private sale.
Alabama law does not require that notice be received; the only requirement is that notice be sent. Low Cost Cars, Inc. v.Munn, 399 So.2d 277 (Ala. 1981). Waide offered no evidence showing that T E failed to send notice. To the contrary, Donald Waide testified that he did not receive notice. Additionally, with regard to Waide's argument that a higher price should have been received, we must reaffirm our holding that a low price alone does not establish that a sale is commercially unreasonable. Weaver v. American Nat. Bank,452 So.2d 469 (Ala. 1984), and Ala. Code 1975, § 7-9-502(2).
For the foregoing reasons, the summary judgment in favor of T E is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.