KENNEDY, Justice.
The plaintiff, LaWanda Nall, appeals from a summary judgment for the defendant, Reinhardt Motors, Inc. (“Reinhardt”).
A summary judgment is proper where there are no genuine issues of material fact and a party is entitled to a judgment as a matter of law. Ala.R.Civ.P. 56. The party moving for a summary judgment has the burden of showing, prima facie, the absence of a genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686 (Ala.1989). If the movant makes such a showing, then the burden shifts to the nonmovant to rebut this prima facie showing by producing “substantial evidence” creating a genuine issue of material fact. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12.
At issue here is whether Nall has produced substantial evidence to rebut Reinhardt’s pri-ma facie showing of the absence of a genuine issue of material fact.
Nall sued Reinhardt on a theory of negligent inspection and on theories of product liability under the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”), Ala.Code 1975, § 6-5-500 et seq. These claims are related to an alleged failure of the driver’s seat belt in Nall’s Toyota Cressida automobile during a collision with another vehicle. This was Nall’s second accident in the vehicle. Nall was injured in this second accident, and she attributes the degree of her injuries to the purported failure of her seat belt.
As to her product liability claims, we affirm. To establish a product liability claim based on the AEMLD, one must show, inter alia, that the product in question was unreasonably dangerous, i.e., “defective,” when it was sold. Yamaha Motor Co., Ltd. v. Thornton, 579 So.2d 619 (Ala.1991).
In the present case, the only evidence as to the cause of the alleged seat belt failure was the affidavit testimony of Nall’s expert, who examined the vehicle after it had twice been wrecked.[1] This expert testified that the seat belts “were not operational” because “[t]he rear-end of the automobile sagged.” *1130 There is no indication in the record as to when or how this “sagging” arose — whether it was a result of the two wrecks or was a prior defect. In fact, the only inference that can be drawn from Nall’s testimony and her expert’s as to when the purported defect arose was that it arose after the car had been wrecked the first time. Referring to a time after her first accident, Nall stated: “The rear end of the car sagged very low, causing the rear of the car to drag where it had not before the accident.” Given the foregoing, we affirm as to Nall’s claims based on product liability.
As to Nall’s negligent inspection claim, we reverse. There is evidence that Nall had experienced problems with the front passenger side seat belt after her first accident and that Reinhardt had then inspected her seat belts. In this regard, the evidence indicates that in March 1989, a long-time Reinhardt employee tested and inspected the belts to determine, specifically, if the belts would fail in a crash. It is undisputed that this employee advised Nall that the seat belts in her automobile were in good working order. Although Reinhardt stands by .this assessment, and strongly disputes any problem with Nall’s seat belts at or before her second accident, Nall testified that the driver’s seat belt failed during her second accident in December 1989.[2]
This testimony presents a jury question as to whether the driver’s seat belt was negligently inspected by Reinhardt. Accordingly, as to the negligent inspection claim we reverse the judgment and remand the cause for a determination by the trier of fact.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, HOUSTON and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.

. Reinhardt argues that the affidavit containing this evidence was inadmissible in the trial court and, therefore, should not be considered by this Court. We note that Reinhardt has waived any such contentions, because it raised no objections to the affidavit in the trial court. See McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990).

. Reinhardt made a timely motion to strike Nall's testimony by affidavit as inadmissible. The trial court did not rule on this motion. We agree with Reinhardt that most of Nall's testimony by affidavit was inadmissible, and we do not consider it here. Her testimony, however, as to the failure of the driver's seat belt was admissible and, therefore, we consider it on appeal.