Steve E. Barnett appeals from a summary judgment entered in favor of Robert R. Quinn, Jr., and Quinn Enterprises, Inc. We reverse and remand.
 Procedural History
On December 30, 2005, Barnett sued Quinn Enterprises, Inc.; Robert R. Quinn, Jr., individually; and "Robert R. Quinn, Jr., doing business as Quinn Enterprises." In his complaint, Barnett alleged that the defendants had breached a commercial lease agreement and had acted negligently by failing to maintain and repair the leased property, allowing the property to lapse into such disrepair that it was condemned by the City of Huntsville.
On October 2, 2006, Quinn Enterprises and Quinn filed a consolidated motion for a summary judgment, along with supporting evidentiary materials. The motion was based solely on the defense of accord and satisfaction.
After a hearing, the court entered a summary judgment in favor of Quinn Enterprises and Quinn. Barnett filed his notice of appeal to the Alabama Supreme Court on February 8, 2007; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
 Facts
Quinn Enterprises owns certain commercial real property that is the subject of the lease in this case ("the property"). On October 10, 2003, "Robert Quinn of Quinn Enterprises" (sometimes hereinafter referred to as "the landlord") entered into a lease agreement with "Steve E. Barnett of Barnett's Furniture" (sometimes hereinafter referred to as "the tenant") regarding the property. According to a prior lease agreement, the landlord had agreed to lease 19,600 square feet of business space on the property to "Ronald B. Barnett [and] Steve E. Barnett of Barnett's Furniture" for $5,600 per month, payable in advance on the first day of each month, for two years beginning on June 1, 2003.[1] *Page 818 
The prior lease agreement further provided that, at the commencement of the lease, "the tenant" would pay $11,500 to the landlord; that amount included the first and last month's rent and a $300 security deposit. Both lease documents provided: "This lease shall become null and void in the event said building should be entirely destroyed by fire or other casualty, or in the event said building should be condemned and ordered torn down or removed by due process of law, and the liability of the Tenant for the rents thereafter accruing hereunder shall cease upon the happening of said events."
On August 2, 2004, the City of Huntsville notified Quinn that the structure located on the property had been declared unsafe by the City's housing official. Quinn was ordered to repair or demolish the structure by October 1, 2004, and to immediately vacate the structure until it was repaired and approved by the City.[2]
On August 20, 2004, Quinn Enterprises tendered a check in the amount of $7,190.32 to Barnett's Furniture (hereinafter referred to as "the check"). On the front of the check, the following was written:
Exhibit
Additionally, Quinn typed the following on the back of the check: "Endorsement of this check is a mutual release of liability between Quinn Enterprises Barnett's Furniture." Barnett's wife, Gina Barnett, endorsed the check and wrote the words, "Release of Liability as of 8/24/04" under the endorsement.[3] Barnett's wife then deposited the check.
In his affidavit, Barnett testified, in part, as follows:
 "3) The check dated August 20, 2004 contains a release of liability solely as to one issue: The Plaintiff agreed not to hold the Defendant responsible for injuries to any of the Plaintiffs employees while removing inventory from the condemned premises.
 "4) The purpose of the check dated August 20, 2004 was for the Defendant to refund the security deposit of one month's rent which was paid at the beginning of the lease between the Plaintiff and the Defendant, and to refund any other rent due as a result of the condemnation of the premises.
 ". . . .
 "6) On or about August 24, 2004, the Plaintiff discussed with the Defendant this check and the purpose of the language on the back of the check. The *Page 819 
Plaintiff also informed the Defendant that the Plaintiff was not releasing him for the damage incurred by the Plaintiff having to move from the condemned building. Further, the Plaintiff explained that the release of liability was related solely to the ability of the Plaintiffs employees to enter the condemned building and remove inventory.
 "7) The money received by me in the check dated August 20, 2004 was already owed to me pursuant to the terms of the lease."
 Quinn, however, testified in his affidavit:
 "After Barnett's Furniture had moved to their new location I took a refund check to Steve Barnett on August 24th 2004. . . . During the course of the conversation, Steve told me that he would not hold me responsible.
 ". . . .
 "I handed Steve the check and explained the details noted on the front of the check: $5,600.00 refund of last months rent paid at the beginning of occupancy, $300 refund of utility deposit, and $1,290.30 refund for last 5 days remaining in the month, after the city shut us down. I also explained that the mutual release statement on the back of the check, would release both of us of any liability to each other concerning the closure. Steve said he understood and that he hated this happened. He thanked me for the check, we wished each other well, shook hands and I left."
 Standard of Review
"The standard of review applicable to a summary judgment is the same as the standard for granting the motion." McClendon v.Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958
(Ala. 1992).
 "A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present `substantial evidence' creating a genuine issue of material fact — `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Ala. Code 1975, 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Capital Alliance Ins. Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley,893 So.2d 337, 342 (Ala. 2004).
 Discussion
Barnett argues that the trial court erred in entering the summary judgment in favor of the defendants because, he says, (1) there was no meeting of the minds to support an accord and satisfaction and (2) there was no consideration to support an accord and satisfaction. We find Barnett's second argument to be dispositive of this appeal.
Our supreme court has stated:
 "This Court has emphasized the contractual nature of an accord and satisfaction:
 "`An accord and satisfaction is an agreement reached between competent *Page 820 
parties regarding payment of a debt the amount of which is in dispute. Limbaugh v. Merrill Lynch, Pierce, Fenner Smith, 732 F.2d 859, 861
(11th Cir. 1984); O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969). There can be no accord and satisfaction "without the intentional relinquishment of a known right." Id. at 663, 227 So.2d at 431.
 "`Like any other contract, a valid accord and satisfaction requires consideration and a meeting of the minds regarding the subject matter. Bank Indep. v. Byars, 538 So.2d 432, 435
(Ala. 1988); Farmers Merchants Bank of Centre v. Hancock, 506 So.2d 305, 310 (Ala. 1987); Austin v. Cox, 492 So.2d 1021, 1022
(Ala. 1986); Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014 (Ala. 1985).'"
Ex parte Meztista, 845 So.2d 795, 797-98 (Ala. 2001) (quoting Leisure American Resorts v. Carbine Constr.Co., 577 So.2d 409, 411 (Ala. 1990)).
In Waide v. Tractor Equipment Co.,545 So.2d 1327 (Ala. 1989), after the trial court had entered a summary judgment in favor of Tractor and Equipment Company ("the company"), Waide appealed, arguing that an accord and satisfaction had been established. The company argued, however, that there was no consideration for the alleged accord and satisfaction and, therefore, that no accord and satisfaction had been established. The supreme court noted that Waide had not alleged any consideration other than the relinquishment of certain equipment to the company. The court also noted that Waide was required by the terms of a contract to relinquish the equipment to the company. Because relinquishing the equipment was something Waide was already obligated to do, the supreme court held that that act did not constitute the required consideration for the alleged accord and satisfaction.
The facts in the present case are analogous to those inWaide, supra. In this case, the only consideration alleged by the defendants was (1) that Barnett had been released from further obligations to pay rent, (2) that Barnett had been refunded the rent that he had already paid for the five days remaining in the month following the condemnation of the building, (3) that Barnett had been refunded the prepayment of the last month's rent that he had been required to pay at the beginning of the lease, and (4) that Barnett had been refunded the security deposit.
Barnett testified, however, that the defendants had been required to take all the foregoing actions pursuant to the lease agreement. The express language of the lease agreement supports Barnett's testimony that the check was merely a refund of the security deposit[4] and of rent that Barnett had paid in advance but was no longer obligated to pay because the property had been condemned. The defendants argue that they were not required to refund the rent paid for the five days remaining in the month after the building was condemned; however, the lease agreement specifically provides that in the event the building is condemned, the liability of the tenant for rents thereafter accruing shall cease. Also, Quinn's writing on the front of the check indicated that the funds represented by the check were owed pursuant to the terms of the lease. There is no evidence indicating that those amounts were in dispute. Finally, there is no evidence indicating that the parties had any *Page 821 
question of liability on the part of Barnett; therefore, there can be no consideration implicit in the language "mutual release of liability."
Based on the foregoing, we conclude that a genuine issue of material fact exists as to at least one of the essential elements of the alleged accord and satisfaction — whether that alleged accord and satisfaction was supported by consideration.[5] Because the evidence before the trial court did not establish the defendants'[6] entitlement to a judgment as a matter of law on the issue of an accord and satisfaction, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] That lease agreement appears to be identical or substantially identical to the one subsequently executed by Quinn and Barnett in October 2003 and made the subject of this litigation. Although some portions of the October 2003 lease agreement are not included in the record, the omitted portions are not necessary to our resolution of the issue raised on appeal.
[2] At some point, Barnett vacated the property and relocated his business, Barnett's Furniture, as a result of the condemnation notice. However, the record does not indicate the date that Barnett vacated the premises.
[3] Barnett admitted that Gina Barnett was an authorized agent or representative of Barnett's Furniture.
[4] "A landlord holds a tenant's security deposit in trust for the tenant. Return of the security deposit is a contractual obligation of the landlord, subject only to the landlord's right to offset damages to the property." 49 Am. Jur.2dLandlord and Tenant § 105 (2006) (footnotes omitted). In this case, there was no evidence of damages to the property.
[5] We express no opinion as to Barnett's other argument — whether the parties had a meeting of the minds regarding the alleged accord and satisfaction.
[6] It appears that Quinn was not a party to the lease agreement. However, because Quinn did not attempt to make a prima facie showing that he was entitled to a summary judgment on that basis, we do not address that issue at this time.Nail v. Reinhardt Motors, Inc., 623 So.2d 1128, 1129
(Ala. 1993) ("The party moving for a summary judgment has the burden of showing, prima facie, the absence of a genuine issue of material fact.").