13533

FIRST CAROLINAS JOINT STOCK LAND BANK v. STUYVESANT INSURANCE CO.

(166 S. E., 883)

*Messrs. Herbert & Dial*, for appellant,

*Messrs. Melton & Belser,* for respondent,

December 7, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This case was heard, by consent of counsel, by Judge Whaley of the County Court of Richland County, without a jury. From the judgment entered on his decree in favor of the bank, the Stuyvesant Insurance Company appeals.

From the statement for the appeal, and the statement upon which the Court below heard the case, we condense this shorter statement of facts:

Mrs. Eugenia E. Harley borrowed of the First Carolinas Joint Stock Land Bank of Columbia, which we shall call the bank, the sum of $4,000.00 and secured the loan by a mortgage on a two-story frame dwelling house in the town of Barnwell, S. C., on the farm of Mrs. Harley, and on the farm which Mrs. Harley stated to contain 100 acres, or 120 acres. The agreed value of the dwelling was $3,000.00. Mrs. Harley agreed to insure the dwelling for $1,500.00 and make the loss payable to the bank, as its interest should appear. She failed to do so, whereupon the bank exercised its privilege and insured its interest in the dwelling as mort-

gagee in the sum of $1,500.00, in the Stuyvesant Insurance Company for which insurance it paid a premium in the sum of $14.25.

The complaint alleged these facts and the further facts of the loss by fire of the insured dwelling october 30, 1928; notice of loss and refusal to pay by the Stuyvesant Insurance Company.

The answer of the defendant admitted these allegations, and for further defenses alleged: That in the event of loss or damage defendant was liable for an amount not exceeding three-fourths of the cash value insured, not exceeding $1,500.00. That it was a condition of the policy that unless otherwise provided by agreement in writing added to the policy, the company should not be liable for loss or damage occuring while the insured shall have any other contract of insurance, whether valid or not, on property covered, in whole or in part, by this policy; and that plaintiff had and collected other insurance on the premises in violation of the policy; that on October 20, 1928, Rhode Island Insurance Company issued its policy of insurance to the owner of the house insured by defendant company, in the sum of $2,500.00, which policy was issued without the knowledge of defendant, and that it contained a standard mortgage clause in favor of plaintiff. That after the fire, the plaintiff, by virtue of said policy and the mortgage clause which it contained, collected the sum of $2,500.-00, which was in excess of three fourths of the value agreed upon in the policy issued by this defendant; that thereby plaintiff has waived any rights it may have had under the policy issued by defendant, and the latter policy has become excess insurance; that by such payment plaintiff's interest in the premises was vitiated and its entire loss and damage by reason of the fire was fully satisfied; that the collection of the sum of $2,500.00 from the Rhode Island Insurance Company completely bars it from a claim under the Stuyvesant Insurance Company policy. Defendant also pleaded

laches on the part of plaintiff, but that plea was abandoned. Defendant also pleaded its readiness to pay to plaintiff the amount of the premium paid to it, to wit, $14.25; but counsel for plaintiff stated before the lower Court that they made no contention of waiver on the part of the defendant company by reason of the retention by it of the premium.

It appears from the record that the policy of the defendant fixed the value of the land covered by it at $7,000.00. In the policy issued by the Rhode Island Company the value of the house was fixed at $6000.00.

In addition to the $2,500.00 insurance on the house under the Rhode Island Policy, there was $4,000.00 on the furniture. Suit was brought by Mrs. Harley against the Rhode Island Company, in which suit defendant company and the land bank were made parties defendants. The suit was settled by payment of $2,500.00, the insurance on the house, plus $3,250.00 for insurance on the furniture. The $2,500-.00 was paid to the land bank and held by it until Mrs. Harley determined whether she would exercise her option to reconstruct the building or to apply it to her mortgage debt. Finally she directed that it be applied to her mortgage debt.

Judge Whaley filed his order February 12, 1932, and judgment was duly entered thereon. He adjudged that defendant is indebted to plaintiff for the face of the policy and interest thereon.

The appeal from this order is predicated on seven exceptions.

Exception 1 charges error because the trial Judge held that the sole issue in the case is whether the taking out of the policy of insurance by Mrs. Harley, the mortgagor, constituted such additional insurance as was prohibited by the terms of the policy issued by defendant, because he overlooked the additional ground that by accepting $2,500-.00, the proceeds of the Rhode Island policy, the bank extinguished its interest in the mortgaged property.

Exception 2 challenges that same finding for the reason that the Rhode Island policy to Mrs. Harley, mortgagor,

constituted additional insurance which was prohibited under plaintiff's policy with defendant, for that plaintiff's mortgage covered 102 acres of land in addition to the building, and plaintiff's loan was made on an appraisal of $3,000.00 of the building which was destroyed and an appraisal of the land at $7,000.00.

Exception 3 charges that it was error not to consider the provisions of the Federal Farm Loan Act (in evidence) to the effect that loans made thereunder shall not exceed 50 per cent. of the value of the land mortgaged and 20 per cent. of the value of the permanent insured improvements thereon.

Exception 4 charges that it was error not to hold that plaintiff by accepting the $2,500.00, which was the proceeds of the Rhode Island Company policy, violated the conditions of defendant's policy against additional insurance on the property covered by defendant's policy.

Exception 5 charges that it was error not to hold that it would be inequitable to allow plaintiff to recover $1,500.00 on the Stuyvesant Company policy after having received $2,500.00 on the Rhode Island Company policy, in view of the valuation of $3,000.00 fixed by defendant's policy.

Exception 6 charges error for not finding that the interest of plaintiff, as mortgagee, in the building insured by defendant's policy at the time of the commencement of the suit was extinguished by the collection of $2,500.00 from Rhode Island Company.

Exception 7 charges that it was error not to hold that plaintiff had no insurable interest in the property covered by defendant's policy at the time of the commencement of the suit, and, hence cannot recover.

It will be observed that these exceptions divide themselves into groups on interlocking questions, and it therefore becomes unnecessary to consider them separately.

His Honor, the trial Judge, may have technically erred in saying that "the sole issue raised in this case is whether the

taking out of the policy of insurance by the mortgagor, Mrs. Harley, constituted additional insurance which was prohibited under the terms of the policy issued by the defendant Company"; but there can be no contention that that was the fundamental issue out of which grew the subsidiary issues in the case; except the question raised by the third exception, which relates to the provisions of the Federal Farm Loan Act of Congress (12 U. S. C. A., § 641 et seq.).

There can be no controversy over the proposition that the land bank, as mortgagee, had an insurable interest in the dwelling house covered by the mortgage which Mrs. Harley gave to secure her loan from the bank. That interest was the debt, *and that alone it did insure.* Nor can there be any doubt that Mrs. Harley as owner of the property, had an interest as such owner separate and distinct from that of the mortgagee which she could insure, and which she did insure. She made the loss under the policy which she took out payable to the mortgagee, as its interest should appear at the time of loss.

The appellant's counsel in their brief say: "We do not for one moment contend that the mortgagee and mortgagor did not have separate interests which they were entitled to insure."

It is needless, then, to consider that question further.

But appellant contends that: "When the mortgagor procured additional insurance it was in violation of defendant's contract with mortgagee and as said mortgagee benefits by such insurance to the extent of five-sixths (5/6) of the value of the insured building, we earnestly submit that said mortgagee is now estopped to claim that it is entitled to collect or that it was damaged to the sum of Fifteen Hundred ($1,500.00) Dollars being the amount of defendant's policy."

The conditions of defendant's policy which it is contended are contravened by this action of the mortgagor are these:

"It is understood and agreed that no insurance is permitted in addition to this policy unless the total insurance, including this policy, is entered in paragraph, above."

"This insurance is issued subject to the following conditions which are hereby made warranties by the insured and are accepted as part of the contract."

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occuring, (A) While the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

It is conceded that the insured under the policy of the Stuyvesant Insurance Company, the plaintiff in this action, the land bank, did not itself procure any other insurance. It would seem that the decree of Judge Whaley, supported by the authorities which he cites, and others brought to our attention, correctly disposes of the issues brought to him, unless it be found that the plaintiff has estopped itself to claim under defendant's policy, because:

1. Of the provisions of the Federal Farm Loan Act relating to the premises; and

2. That the plaintiff having accepted the proceeds of the Rhode Island policy, to wit, $2,500.00, has ratified the act of the mortgagor in procuring the insurance as the act of its agent, and thereby has procured the additional insurance on its mortgage debt in violation of the provisions of its policy insuring its mortgage debt in defendant's company.

As to the first proposition: It is true that the Federal Farm Loan Act limits the amount of loans which may be made under it to 50 per cent. of the value of the land and 20 per cent. of the permanent insured improvements thereon. This is a regulatory provision for the guidance of the officers of such banks in making loans, a violation of which may subject the officer of the bank to punishment, but no authority has been cited to show that mortgages given to secure such loans are void, and uncol-

lectible. If valid and collectible, the contracts which insure them must be valid and enforceable.

The second position turns upon the doctrine of ratification, and its effect by way of estoppel.

Did the land bank adopt the act of Mrs. Harley in procuring the insurance on her dwelling as its own act made through its agent? And is it thereby estopped to enforce the claim of insurance under defendant's policy?

Webster's New International Dictionary defines "ratify" thus: "To approve and sanction: to make valid: confirm: establish: to give sanction to something done by an agent or servant."

Corpus Juris, Vol. 52, 1144, gives this definition of "ratification": "While it has been said that ratification cannot be accurately defined, generically the word always expresses the same idea; and, it is variously defined as the act of giving sanction and validity to something done by another; the adoption by a person as binding upon himself of an act done in such relations that he may claim it as done for his benefit although, done under such circumstances as would not bind him but for his subsequent assent."

Now the contract between the plaintiff and the insurer, the defendant, provided that if the insured procured additional insurance without the consent of the insurer the policy should become void. It is conceded that the insured did not by its own voluntary act procure such insurance. It accepted the benefits of additional insurance procured by the mortgagor. What effect did that action have upon the liability of this defendant, insurer, to the plaintiff, insured? Did it constitute additional insurance? If it should be assumed (which is not done) that the action of the plaintiff amounted to ratification of the action of Mrs. Harley, mortgagor, it did not amount to additional insurance of its interest. The case of *Walker v. Queen Insurance Company et al.,* 136 S. C., 144, 134 S. E., 263, 52 A. L. R., 259, and authorities there cited, conclusively demonstrate that this

was not an independent contract between the land bank and the Rhode Island Insurance Company. We cite this from page 164 of that case in 133 S. C., 134 S. E., 263, 270 : "It is universally held that the *open mortgage clause* does not create a new and independent contract between the insurance company and the mortgagee; that the original contract between the company and the insured remains; that the mortgagee has no insurable interest in the property insured; that he does not recover in the event of loss, as the party insured, but as the beneficiary under the policy, of the amount recoverable, in the right of the insured."

From the same case, page 166 of 136 S. C., 134 S. E., 263, 271 : "Making the 'loss, if any, payable to Hulman & Cox, mortgagees,' was not an insurance of their mortgage interest in the property." Citing *Continental Ins. Co. v. Hulman,* 92 Ill., 145, 34 Am. Rep., 122.

Further from the *Walker case,* pages 166, 167 of 136 S. C., 134 S. E., 263, 271 : "It has been repeatedly held by this Court that such an indorsement does not operate as an assignment of the policy, *nor as a contract to insure the interest of the mortgagees,* but that they can claim only what the party originally insured is entitled to recover under his contract." Citing *Franklin v. Insurance Co.,* 119 Mass., 240.

It seems plain that in accepting the money paid to it by Mrs. Harley from the proceeds of the policy on her dwelling house which she had with Rhode Island Insurance Company, the land bank did not directly, or indirectly, procure additional insurance of its mortgage interest, and hence has not violated the condition of its policy with defendant relating to and prohibiting additional insurance.

In these circumstances the doctrine of estoppel has no application.

The exceptions which present the question that by the acceptance by the land bank of $2,500.00, the proceeds of the insurance on the dwelling by the

Rhode Island Insurance Company, the mortgage has been extinguished, and that therefore plaintiff has no interest under the policy of this defendant which it can enforce in this action, is untenable; the mortgage has not been paid, has not been extinguished; there is still due on it a considerable sum.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER disqualified.