#### 18273

BRAZELL BROTHERS CONTRACTORS, Respondent, v.
Fred C. HILL, Appellant

(138 S. E. (2d) 835)

70

*Messrs. Boyd, Bruton & Lumpkin, H. Simmons Tate, Jr.,* and *Milledge T. Pitts,* of Columbia, *for Appellant,*

*Messrs. Townsend & Townsend,* of Columbia, *for Respondent,*

*Messrs. Boyd, Bruton & Lumpkin, H. Simmons Tate, Jr., and Milledge T. Pitts, of Columbia, for Appellants, in Reply.*

November 9, 1964.

BRAILSFORD, Justice.

Brazell Brothers, a partnership, sued Fred C. Hill for damage to a truck, allegedly caused by the negligent operation of Hill's automobile with which the truck was in collison. Denying negligence in the operation of his automobile and alleging negligence of Brazells' driver, Hill filed a counterclaim for damage to his vehicle.

After the commencement of the action and the filing of the counterclaim, the Brazells' liability insurance carrier paid to Hill the sum of $475.00 as consideration for a release discharging the Brazells from any and all claims accruing to Hill as a result of the collision. The unilateral release was signed by Hill alone, and the consideration furnished by the insurance carrier was executed by the payment of the sum acknowledged. The release specified that this payment should not be construed as an admission of liability by Brazell Brothers, and that the entire agreement of the parties was expressed in the writing.

Some six months later, counsel for Brazell Brothers, relying upon the release as a bar to Hill's claim, secured an uncontested order dismissing the counterclaim. Thereupon, counsel for Hill moved for leave to amend the answer by adding a third defense as follows:

"That the defendant was paid the sum for Four Hundred Seventy-five Dollars ($475.00) by a liability insurance company, Commercial Insurance Company of Newark, New Jersey, representing plaintiff's interest, in full compromise and settlement of the damages which the defendant sustained in the collision; that such compromise and settlement was ratified and accepted by plaintiff in that his attorneys successfully moved for a dismissal of the defendant's counterclaim, on the basis of the release which defendant executed

pursuant to such compromise and settlement; that the compromise, settlement and release constitute an accord and satisfaction between the parties relating to the subject matter of this lawsuit and, as such, is a bar to the plaintiff's action and recovery."

The Court refused to allow the amendment, holding that, in the light of undisputed facts, the plea was insufficient to constitute a defense. Hill has appealed on one exception which challenges this conclusion.

Hill does not contend that the payment to him by the insurance carrier of a sum of money in settlement of the cause of action set forth in his counterclaim, without participation by Brazell Brothers, was a bar to the cause of action set forth in the complaint. He does contend that by relying upon the release the Brazells *ratified* the compromise and settlement of his claim; wherefore, quoting from the plea, "the compromise, settlement and release constitute an accord and satisfaction between the parties * * * (and) a bar to plaintiff's action."

Counsel rely upon the North Carolina cases of *Bradford v. Kelly,* 260 N. C. 283, 132 S. E. (2d) 886, and *Keith v. Glenn,* 262 N. C. 284, 136 S. E. (2d) 665, as supporting the conclusion that, after ratification, the compromise and settlement of Hill's claim by the insurance carrier is a bar to this action. These cases, and others cited therein, commit the North Carolina courts to this view, apparently without regard to the terms of the compromise and settlement or the intention of the parties. This result may be explained by North Carolina doctrine that as between the parties responsible for the operation of motor vehicles which have been in collisions, "[t]*here is in this case but one cause of action, the collision,* and the remedy sought by plaintiff and that sought by the defendant depend upon identically the same state of facts and must be settled in one action." (Emphasis added.) *Allen v. Salley,* 179 N. C. 147, 101 S. E. 545, 546, quoted with approval in *Bullard v. Berry Coal & Oil Company,* 254 N. C. 756, 119 S. E. (2d) 910, 911.

When the claims of the opposing parties are viewed as a single cause of action, it is plausible to import mutuality to any settlement between them, thus barring the right of either party to pursue the other, even though the release is, by its terms, unilateral.

With us the rule is that the claims of opposing parties arising out of a vehicular collision are separate and distinct causes of action. Either party, when sued by the other, has the election of filing a counterclaim for his damages, or commencing an independent action in any tribunal having jurisdiction of the controversy. In such a case, the pendency of the first action is not ground for abatement of the second, even though the two actions are between the same parties and arise out of the same collision. *Collins v. Johnson*, 242 S. C. 112, 130 S. E. (2d) 185.

By the terms of its contract with the Brazells, the insurance carrier assumed responsibility for defending or settling the cause of action stated against them in Hill's counterclaim. It had the authority to settle this claim, with or without the consent of the insureds, whenever, in its judgment, this course was expedient. Since this cause of action was separate and distinct from the other, we perceive no legal impediment to settlement of it alone, leaving the Brazells untrammeled in the pursuit of their own claim, as to which the carrier owed no responsibility and had no authority.

Admittedly, the Brazells would not have been bound even if the carrier had expressly undertaken to settle their cause of action against Hill without their assent, Annotation, 32 A. L. R. (2d) 937. As already stated, Hill's reliance is upon their subsequent conduct as a ratification of the compromise and settlement of his claim against the Brazells.

Ratification, as the term implies, is the adoption by one person of an act done or bargain made for him by another under such circumstances that he would not have been bound but for his subsequent assent. *First Carolinas Joint Stock Land Bank v. Stuyvesant Ins. Co.,*

168 S. C. 37, 166 S. E. 883, 886. Ratification may be either express or implied. We think that the reliance by the Brazells upon the release was such an adoption of it as to import their assent to whatever was undertaken by the carrier in order to induce Hill to settle.

To ratify is to sanction or affirm, to give validity to something done for one by another, not to contract anew or upon different terms. Therefore, the adoption by the Brazells of the bargain made for them by the carrier can rise no higher as a bar to this action than the terms of that agreement. The critical question is whether the record is reasonably susceptible of an inference that the carrier and Hill intended that their agreement should acquit Hill of liability to the Brazells. If not, the subsequent ratification of. the transaction by the Brazells, which raised no new promise, could not have that effect.

The written release is the sole evidence of the terms of the compromise and settlement between Hill and the carrier. No attempt whatever has been made to vary, enlarge or contradict its terms, which are clear and unambiguous. It would be useless to quote it or further expound its provisions. It is a classic example of a unilateral contract; a promise by Hill only, the consideration on the other side being executed by the payment of a sum of money. 43 Words and Phrases 242; *McMahan v. McMahon,* 122 S. C. 336, 115 S. E. 293, 26 A. L. R. 1295.

It is said of compromise and settlement agreements in 15 Am. Jur. (2d) 951, that "the mutual concessions which constitute a compromise generally involve the performance or promise (express or implied) of (1) the relinquishment of a claim by one party in return for the relinquishment of a claim by the other party; or (2) the relinquishment of a claim by one party in return for a payment or transfer of property by the other party; or (3) a payment or transfer of property by one party in return for a payment or transfer of property by the other party—accompanied by at least an implied relinquishment of one or more claims."

The release here evidences a bargain of the second class, the relinquishment of a claim by one party in consideration of a payment by the other. With an action for damages pending against him in which he had filed a counterclaim, Hill simply released his claim for damages without exacting in return an acquittal from the claim asserted against him. The ratification of the compromise and settlement by the Brazells can not raise a promise on their part to forego something which the carrier did not renounce for them. In short, there was no attempted compromise and settlement of the Brazells' claim by the carrier to which they could be bound by ratification.

Counsel for Hill also cite *Cochran v. Bell*, 102 Ga. App. 617, 117 S. E. (2d) 645, and *Aetna Casualty & Surety Co. v. Brooks*, 218 Ga. 593, 129 S. E. (2d) 798, as supporting his appeal. We have carefully examined these opinions and gather therefrom that what we regard as the controlling point on this appeal was not relied upon by counsel in either case. Therefore, we respectfully decline to follow them.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.