18279

John Wiley TEASLEY, Respondent, v. W. W. LOWE, Appellant
(140 S. E. (2d) 171)

*Messrs. Thos. W. Whiteside* and *Butler & Chapman,* of Spartanburg, *for Appellant,*

*Messrs. James P. Mozingo, III,* of Darlington, and *Odom, Nolen & Foster* and *Ward, Hammett & Howell,* of Spartanburg, *for Respondent,*

January 20, 1965.

Bussey, Justice.

In this action Teasley seeks to recover damages resulting from a collision between an automobile, owned and operated by him, and a wrecker owned and operated by the defendant Lowe. Prior to the institution of the action, Teasley's liability insurance carrier paid to Lowe the sum of $1,800, as consideration for a release discharging Teasley of any and all claims accruing to Lowe as a result of the collision. This unilateral release was signed by Lowe alone and the con-

sideration furnished and paid by the insurance carrier. Lowe answered the complaint of the plaintiff, denying negligence in the operation of his wrecker and alleging negligence on the part of Teasley. By way of a fourth defense, his answer alleged that the above mentioned release was taken either with the knowledge and consent of Teasley, or was ratified by him, and that such payment, settlement and release constituted an accord and satisfaction between plaintiff and defendant as to all matters connected with or arising out of such collision and all damages resulting therefrom. By way of a fifth defense, Lowe counterclaimed for damages sustained by him as a result of the collision.

Teasley then moved to strike Lowe's fourth and fifth defenses as being sham and frivolous and not interposed in good faith. Teasley also filed a reply to the forth and fifth defenses of Lowe wherein he set forth the fact that the liability policy contained a provision which allowed his carrier, without consulting Teasley, to settle the claim of Lowe; and that the settlement made by the carrier was without Teasley's knowledge, approval, consent or ratification.

On hearing, the circuit judge granted the motion of Teasley to strike the forth and fifth defenses and denied Lowe's motion, and from this order Lowe appeals.

Based on the pleadings and affidavits before him, the circuit judge found as a matter of fact that the settlement between the carrier and Lowe was accomplished without the knowledge or consent of Teasley, and this finding of fact is not challenged.

Just as was contended in the recent case of *Brazell Brothers Contractors v. Hill,* S. C. 138 S. E. (2d) 835, the primary contention of Lowe is that Teasley ratified the compromise and settlement by relying on the release in opposition to the counterclaim and that, accordingly, the release constituted a complete accord and satisfaction between the parties. This precise issue was decided adversely to the

contention of Lowe in that case, and having so recently set forth the reasons for the conclusions reached there, we deem it unnecessary to here reiterate the same. There is no difference in the basic facts involved in the two cases. The release in the instant case, if not identical, has certainly the same import and effect as the release in the *Brazell case*.

Conversely, or in the alternative, Lowe argues that if Teasley has not ratified the release, so as to constitute a complete accord and satisfaction between the parties, he has by prosecuting the action repudiated the release, and that Teasley having repudiated the same, Lowe should be allowed to prosecute his counterclaim despite the release. No other attack is made upon the settlement or release, except the alleged repudiation thereof by Teasley. While this precise contention was not involved in *Brazell*, this argument on the part of Lowe is predicated upon the line of authorities which we distinguished and declined to follow in the *Brazell case*. Teasley here ratified, rather than repudiated, the compromise and settlement made by the carrier with Lowe insofar as it released Teasley from any further possible liability, but his ratification thereof to that extent did not amount to a complete accord and satisfaction between the parties so as to bar Teasley's cause of action.

In fairness to counsel, it should be pointed out that this cause was submitted without oral argument, and that the opinion in the *Brazell case* was filed after completion of briefs of counsel. The exceptions being without merit, the judgment of the lower court is affirmed.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS, and BRAILSFORD, JJ., concur.