Beverly M. Prescott appeals from a summary judgment granted in favor of Shahrokh N. Furouzabadi and from the trial court's granting of Furouzabadi's motion to strike her amended complaint. We reverse and remand.
The facts of this case, as shown by the affidavits which were submitted with the motion for summary judgment and with the response thereto, are as follows:
On December 2, 1984, the plaintiff, Prescott, and the defendant, Furouzabadi, entered into an agreement whereby Furouzabadi sold a 1977 Honda Civic automobile to Prescott for $1,300. During the course of the transaction, Furouzabadi told Prescott that he had purchased the car for $1,250 and had since performed some work on the car. He showed Prescott a signed receipt which indicated that he had paid $1,250 for the car. Following the completed purchase, when Prescott attempted to transfer title and to register the car, she learned that Furouzabadi had bought the car for only $125, and that the receipt she had been shown had been altered to reflect the higher price.
Prescott then requested that Furouzabadi take back the car and refund her money, but he refused to do so. Prescott filed suit for fraud, contending that she relied on the misrepresentation by Furouzabadi, who was an automobile mechanic, and would not have purchased the car if she had been told the true purchase price. Furouzabadi admits that he made this misrepresentation to Prescott, but contends that Prescott did not rely on the statement but simply got what she saw.
Prescott originally filed this lawsuit in the District Court of Mobile County, and her complaint claimed damages in the amount of $4,999. On April 17, 1985, a judgment was entered in the district court in favor of Prescott. On April 29, 1985, Furouzabadi appealed the judgment to the Circuit Court of Mobile County for trial de novo. On May 21, 1985, Prescott amended her complaint to increase her claim to $50,000. Furouzabadi then filed a motion to strike the plaintiff's amended complaint, to which Prescott responded by arguing that Rule 13 (j), A.R.Civ.P., expressly permits such an amendment. Nevertheless, this *Page 709 
motion to strike was granted, and Prescott's subsequent motion for reconsideration of this order was denied. On May 30, 1985, Furouzabadi filed a motion for summary judgment with an affidavit of Prescott attached. Prescott then filed a response to the motion, which was also supported by an affidavit of Prescott. The circuit court granted Furouzabadi's motion for summary judgment on June 27, 1985, and Prescott filed her notice of appeal to this Court.
 I.
In this Court, Furouzabadi filed a motion to dismiss the appeal, based on the ground that the monetary amount claimed does not exceed $10,000, and is therefore not within the jurisdiction of this Court. As stated above, the plaintiff had claimed only $4,999 in the district court, and her amended complaint in which she claimed $50,000 was not allowed in the circuit court.
This jurisdictional issue has been addressed by this Court inHarper v. Regency Development Co., 399 So.2d 248 (Ala. 1981). In Harper, this Court held on rehearing that this Court did have jurisdiction to hear the appeal, and stated as follows:
 "In the absence of a judgment fixing the amount of recovery, the amount claimed in the pleadings is the only guide by which jurisdiction as between this Court and the Court of Civil Appeals may be determined. Although unsuccessful in their efforts to assert a higher claim on their appeal to circuit court, Plaintiffs' proffered amendments put in controversy amounts in excess of $10,000 for each claim. Jurisdiction of this consolidated appeal is with this Court."
Harper, 399 So.2d at 261; see, also, Code 1975, § 12-3-10.
This Court has jurisdiction to hear this appeal because a claim of more than $10,000 is in actual controversy here, as the amended complaint is an issue in this case. Therefore, the defendant's motion to dismiss the appeal is hereby denied.[1]
 II.
The plaintiff, Prescott, contends that the trial court erred in striking her amended complaint. We agree with this contention.
Upon the appeal de novo by the defendant to the circuit court, the plaintiff attempted to amend her complaint to claim $50,000. Her complaint in the district court had claimed only $4,999. The defendant's motion to strike was grounded solely on the contention that "Plaintiff cannot increase the damages claimed in Circuit Court." The trial judge granted the motion to strike the amended complaint on June 6, 1985.
We believe that the trial judge erred in failing to follow Rule 13 (j), A.R.Civ.P. The relevant provision of Rule 13 (j) states as follows:
 "If the plaintiff appeals a case to the circuit court from a lower court and obtains a trial de novo in the circuit court, the plaintiff shall be limited in the amount of his recovery to the jurisdictional amount that could have been claimed and recovered in the lower court, unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court. If a defendant appeals
to the circuit court from a judgment rendered by a lower court, the plaintiff in the circuit court on a trial de novo shall be permitted to claim and recover the full amount of its claim
even though the amount might exceed the jurisdiction of the lower court." (Emphasis added.)
The Committee Comments to this Rule explain the need for this provision, as follows:
 "Rule 13 (j) has no federal counterpart. The first sentence is based on Vermont Rule 13 (j). The intent of the remaining portion of Rule 13 (j) is evident from a reading of same. If counterclaims in *Page 710 
appealed actions are going to be compulsory, it certainly should follow that the defendant should be permitted to recover his full damage even though it exceeded the jurisdiction of the lower court. The last sentence of Rule 13 (j) provides that when a defendant appeals a case from a lower court to the circuit court and obtains a trial de novo, the plaintiff then could recover an amount in excess of the jurisdiction of the lower court. In many cases, in order to bring the case in one of the lower courts, a plaintiff will waive a portion of his claim for a quick and inexpensive trial. The defendant then appeals the case to the circuit court often for the purpose of delaying the collection of the judgment well knowing that there is a lid on the amount of the plaintiff's recovery. In such cases, the plaintiff will be entitled to claim and recover the full amount of his damages in the circuit court. Such a rule, no doubt, would prevent many cases from being appealed to the circuit court either for the purpose of delay only or for the purpose of securing a second trial knowing that he has all to gain and nothing to lose by so doing. The same logic would not apply if the plaintiff appealed and the suggested rule provides that should he appeal he would be limited to the jurisdiction of the lower court, except when defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court."
In the present case, the defendant chose to appeal from the judgment of the district court. In doing so, he incurred the risk that the plaintiff would seek damages in excess of the district court's jurisdictional amount. See, Hardy v. Tabor,369 So.2d 559, 560 (Ala.Civ.App.), aff'd, 369 So.2d 561 (Ala. 1979).
Therefore, on the basis of Rule 13 (j) and its interpretation set forth in Hardy v. Tabor, supra, and Ex parte Allstate Ins.Co., 443 So.2d 939, 940-41 (Ala. 1983), we hold that the trial judge should have denied the defendant's motion to strike, since the sole ground upon which the motion was based was contrary to Rule 13 (j), A.R.Civ.P.
 III.
The plaintiff also contends that the trial court erred in granting the defendant's motion for summary judgment. We agree.
"Summary judgment should be granted only when the moving party has shown that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fisher v. Space of Pensacola, Inc., 461 So.2d 790, 791
(Ala. 1984); Rule 56, A.R.Civ.P.
In this case, the defendant submitted a motion for summary judgment and attached an affidavit of the plaintiff. The motion stated the following grounds: "1. There is no genuine issue as to any matter of law [sic]. 2. This motion is based upon the pleadings and the affidavit of the Plaintiff, which is attached hereto." The affidavit set forth the facts as they are previously stated in this opinion.
The plaintiff then filed a response which stated that there was a dispute as to a material fact and attached another, but slightly different, affidavit of the plaintiff. Both affidavits of the plaintiff were based on personal knowledge setting forth the facts of the transaction. These facts, as stated, raised a factual issue of fraud. See, e.g., Larry Savage Chevrolet, Inc.v. Richards, 470 So.2d 1168 (Ala. 1985). While the affidavits certainly are not conclusive as to the facts of the transaction, they created a genuine issue of material fact and defeat the movant's claim to judgment as a matter of law.
In light of the above, the defendant's motion for summary judgment should have been denied.
MOTION TO DISMISS DENIED; REVERSED AND REMANDED.
MADDOX, JONES, SHORES and ADAMS, JJ., concur.
[1] Even if we were to find that this Court did not have jurisdiction, we would not dismiss the appeal, but would transfer it to the proper court pursuant to Rule 3 (c), A.R.A.P. *Page 711