The plaintiff, Phillip Clark Austin, appeals from a summary judgment granted in favor of the defendant, Daryl Dewayne Cox. This case arises out of a two-vehicle collision in which a police car, being driven by on-duty policeman Austin, collided with a car driven by Cox. Both parties were injured, and both claimed to be free of fault.
Three separate lawsuits resulted from this occurrence, although, for the sake of discussion, only one of the lawsuits is relevant here. In that lawsuit, Austin on February 17, 1981 filed a complaint alleging negligence and wantonness against Cox and Cox's father.[1] The Coxes denied these allegations and subsequently filed a counterclaim on October 26, 1981, against Austin, which also alleged negligence and wantonness. Austin and the Coxes were each represented by personal counsel and each was also represented by counsel retained by their respective insurance carriers. *Page 1022 
On September 30, 1985, Austin's insurance carrier settled the Coxes' counterclaim, paying them $55,000. The Coxes signed a pro tanto release that day, releasing Austin from "any and all individual liability" arising out of the collision. Austin did not sign the release. On the same day, an order of judgment on the pro tanto release was issued by the trial court, ordering that judgment be entered against Austin on the Coxes' claim.
Following execution of the pro tanto settlement, the Coxes then filed a motion for summary judgment against Austin on the ground that Austin's original claim against the Coxes was barred by accord and satisfaction because of the pro tanto release. After hearing arguments by counsel, the trial court granted the motion in favor of the Coxes, holding that the pro tanto release "works an accord and satisfaction as to any claim which said plaintiff [Austin] has against said defendant [the Coxes]." Austin appeals, contending that summary judgment was not proper because the affirmative defense of accord and satisfaction created a question of fact in this case. We agree with this contention, and reverse and remand.
The elements necessary to establish accord and satisfaction are as follows: (1) proper subject matter, (2) competent parties, (3) assent or meeting of the minds, and (4) consideration. Ray v. Alabama Central Credit Union,472 So.2d 1012, 1014 (Ala. 1985), quoting Craft v. Standard AccidentInsurance Co., 220 Ala. 6, 9, 123 So. 271, 273 (1929). Each of these four elements must be established in order to be successful on this defense.
On a motion for summary judgment, the movant must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c), A.R.Civ.P.; see, Prescott v. Furouzabadi,485 So.2d 707, 710 (Ala. 1986). All reasonable inferences from the facts are to be viewed most favorably to the non-movant. Butlerv. Michigan Mutual Insurance Co., 402 So.2d 949, 951 (Ala. 1981).
Because "assent or meeting of the minds" is an essential element of accord and satisfaction, a claim of accord and satisfaction is rarely an appropriate claim on which to grant summary judgment. As this Court recently stated:
 "A meeting of the minds, therefore, is an essential element which must be proved in order to establish the defense of accord and satisfaction. This is not a determination of law, but one of fact, based upon the evidence presented."
Ray, 472 So.2d at 1014. Only when this "determination of . . . fact" can be made without genuine dispute may summary judgment be granted on this issue.
In the present case, the Coxes' motion for summary judgment, which was not supported by affidavit, was considered by the trial court after hearing oral argument by counsel. There was no sworn testimony taken relevant to this substantive issue. A copy of the release was filed along with the motion. The release was signed by the Coxes, and it purported to release Austin from liability arising out of this accident. Consideration was stated to have been paid to the Coxes "by or in behalf of Phillip Clark Austin." However, both parties agree that the consideration was paid only by Austin's insurer to the Coxes. There is no mention in that instrument of Austin's claim against the Coxes, nor has there been presented any evidence that Austin assented to or ratified the settlement. Of course, all pro tanto settlements must be interpreted "according to their terms and the intentions of the parties thereto." Code 1975, § 12-21-109 (Cum.Supp. 1985). Furthermore, there is no evidence in the record concerning any provisions of Austin's insurance policy that may relate to the insurer's right to settle Austin's claims.
The substantive issue in this case is apparently one of first impression in Alabama. However, the general rule is that an insurer's settlement of a claim against its insured, made without the insured's assent or ratification, will not bar an action by the insured against the person who received
[1] Daryl Dewayne Cox was a minor at the time of the collision, but reached the age of majority while this lawsuit was pending. His father was named as a defendant apparently because of his ownership of the car Daryl Dewayne Cox was driving. However, on the day before the summary judgment was granted, the father was dismissed. *Page 1023 
the settlement on a claim arising out of the same occurrence. See, Suchta v. Robinett, 596 P.2d 1380 (Wyo. 1979);Brown v. Manchester, 384 A.2d 449 (Me. 1978); Lohman v.Woodruff, 224 Kan. 51, 578 P.2d 251 (1978); Brazell Bros.Contractors v. Hill, 245 S.C. 69, 138 S.E.2d 835 (1964);Bradford v. Kelly, 260 N.C. 382, 132 S.E.2d 886 (1963); Brattonv. Speaks, 286 S.W.2d 526 (Ky. 1956); Birkholz v. Cheese MakersMutual Casualty Co., 274 Wis. 190, 79 N.W.2d 665 (1956); Fikesv. Johnson, 220 Ark. 448, 248 S.W.2d 362 (1952). But see,McKinney v. Morrow, 18 N.C. App. 282, 196 S.E.2d 585, cert. denied, 283 N.C. 665, 197 S.E.2d 874 (1973); National DairyProducts Corp. v. Southeastern Adjusters, Inc.,109 Ga. App. 838, 137 S.E.2d 554 (1964).
In this case, whether accord and satisfaction was affirmatively established is dependent upon whether there was an "assent or meeting of the minds" or ratification; whether either of these existed is a factual question concerning the subjective intent of Austin. Without any evidence of his intent, we are unable to say that "there is no genuine issue as to any material fact and that [the Coxes are] entitled to a judgment as a matter of law." See, Rule 56 (c) and Prescott, supra. Consequently, we must reverse the judgment of the trial court and remand this case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.