ADAMS, Justice.
This is an appeal from a summary judgment in a declaratory judgment action filed by Murad Safar against defendants Princeton, Inc,, Daniel Hightower, Joe Fine, Roy Davis, and Davis International. Summary judgment was granted in favor of Princeton, Inc., Daniel Hightower, and Joe Fine; that judgment was subsequently made final pursuant to Rule 54(b) A.R.Civ.P.; Sa-far appeals.
The facts of this case are uncomplicated and involve a loan of $75,000 made by Safar to Princeton, Inc., on November 26, 1985. The note was to be repaid in 12 monthly installments, with an interest rate of 10%; however, the note was not repaid pursuant to the schedule and in February 1987, a new agreement was drawn up providing for repayment. This agreement involves Princeton, Inc., and three of its officers, Daniel Hightower, Mims Rogers, and Joe Fine. It also involves Davis International and Roy Davis, to whom Princeton, Inc., had made certain loans. The agreement stated that Princeton, Inc., was to remit $40,000 to Safar, and that Davis International was to assume the debt of Princeton, Inc., to Murad Safar. The issue in this case is whether the trial court erred in entering summary judgment based on the holding that the agreement also released Princeton, Inc., from any further liability to Safar. If the agreement is valid, Daniel Hightower, Mims Rogers, and Joe Fine also would have no liability to Safar. We affirm.
The agreement in question, which was signed by the parties, is as follows:
*1027 “This agreement entered into by and between Princeton, Inc., a corporation, Daniel R. Hightower, Mims Rogers, and Joe Fine, hereinafter called parties of the first part, and Roy Davis and Davis International, a corporation, hereinafter called parties of the second part, and Murad Safar, hereinafter called party of the third part,
“WHEREAS, a party of the third part made a loan to Princeton, Inc., a corporation, in the amount of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS with interest thereon at the rate of TEN (10%) PER CENT per an-num due and payable twelve (12) months from date, said note being executed in November of 1985, and
“WHEREAS, Princeton, Inc., a corporation, has made certain loans to Davis International, a corporation, and
“WHEREAS, the parties hereto have reached an agreement as to the repayment of the promissory note above described.
“NOW, THEREFORE, the parties agree as follows:
“1. Parties of the first part agree to pay to parties of the third part FORTY THOUSAND ($40,000.00) DOLLARS to be paid on the execution of this agreement. And party of the second part agrees to assume and pay TWENTY THOUSAND ($20,000.00) DOLLARS by April 30th, 1987, and to assume and pay TWENTY-FOUR THOUSAND FIVE HUNDRED SEVENTY-NINE ($24,-579.00) DOLLARS by May 30th, 1987.
“2. Upon the payment of said FORTY THOUSAND ($40,000.00) DOLLARS and the execution of this agreement in full, party of the third part hereby release^] parties of the first part from any liability whatsoever under the said promissory note as hereinbefore set out and hereby agree[s] to release and hold harmless parties of thfe first part from any action to enforce said promissory note.
“3. Upon the payment of said $40,-000.00 and the execution of this agreement parties of the second part acknowledge that parties of the first part are not further indebted to parties of the second part and parties of the second part hereby agree to release and hold harmless, parties of the first part from any claim or action whatsoever.
“WITNESS our hands and seals this _day of February, 1987.”
(Emphasis added.)
The sole issue in this appeal centers around the interpretation of the phrase “and the execution of this agreement in full” located in paragraph number 2. Sa-far contends that by “execution ... in full,” he intended to release Princeton only upon the full payment of the debt by Davis International or Roy Davis. Princeton, however, contends that “execution” as used in this contract simply means signing and, therefore, it argues, it was released from any liability.
At the outset, we note that the law is well settled in Alabama that it is for the court to determine whether a contract is ambiguous. See Cherokee Farms, Inc. v. Fireman’s Fund Ins. Co., 526 So.2d 871 (Ala.1988); Austin v. Cox, 523 So.2d 376 (Ala.1988); Fouts v. Beall, 518 So.2d 1236 (Ala.1987); Terry Cove North, Inc. v. Baldwin County Sewer Authority, Inc., 480 So.2d 1171 (Ala.1985). If the court determines that the contract is ambiguous, then it is a question for the jury as to the meaning of the ambiguity as between the parties. Austin v. Cox, supra, at 379.
It is clear that the words “execution of this agreement” in the paragraphs 1 and 3 mean “signing of this document.” Thus, pursuant to the agreement Princeton was to pay Safar $40,000 when the agreement was signed. From the four corners of the instrument, it is also clear to us that the words “execution of this agreement in full” also mean simply the signing of the document. Although Safar argues that the addition of “in full” attributes a different meaning to “execution” in paragraph 2, we consider it completely logical that “in full” would be added. In paragraph 2, it is clear that Safar would not want the agreement to go into effect until all three parties had signed it, because that is the section of the *1028 agreement where all three parties are necessarily involved, i.e., Princeton, Inc., is being released by Safar solely because of payment of $40,000 by Princeton, Inc., and the assumption of the debt by Davis International.
We agree that no ambiguity exists; therefore, the summary judgment is due to be, and it hereby is, affirmed.
AFFIRMED. ‘
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.